**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY, as subrogee of Ronald Ginsburg<br>202 B. Halls Mill Road<br>Whitehall Station, NJ 08889<br><br>and<br><br>RONALD GINSBURG<br>1308 Summerland Avenue<br>Winter Park, Florida 32789,<br><br>Plaintiffs,<br><br>v.<br><br>C. R. BROWN MECHANICAL, INC.<br>2732 Melrose Avenue<br>Woodstock, Maryland 21163<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 1:17-cv-422<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Great Northern Insurance Company, as subrogee of Ronald Ginsburg, and Ronald Ginsburg, hereby state their Complaint against Defendant C. R. Brown Mechanical, Inc., as follows:

## THE PARTIES

1. Plaintiff Great Northern Insurance Company is a corporation organized and existing under the laws of the state of Indiana with its principal place of business at 202 B. Halls Mill Road, Whitehouse Station, New Jersey 08889.

2. Plaintiff Great Northern Insurance Company at all times relevant hereto was authorized to issue insurance policies within the District of Columbia.

3. Plaintiff Ronald Ginsburg is a citizen of the State of Florida residing at 1308 Summerland Avenue, Winter Park, Florida 32789.

4. Plaintiff Ronald Ginsburg at all time relevant hereto owned the real and personal property located at 3710 Gates Road NW in Washington, D.C. (hereinafter "the subject property").

5. Defendant, C. R. Brown Mechanical, Inc. ("C. R. Brown Mechanical"), is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 2732 Melrose Avenue, Woodstock, Maryland 21163.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a), as the matter in controversy, exclusive of interest and cost, exceeds the sum of Seventy Five Thousand Dollars ($75,000.00) and there is diversity of citizenship between the Plaintiffs and the Defendant.

7. Venue is proper in this judicial district as the facts giving rise to the causes of action stated herein occurred at the subject property located within this judicial district.

## FACTUAL ALLEGATIONS

8. Plaintiff Great Northern Insurance Company issued a policy of insurance to Plaintiff Ronald Ginsburg, which provided coverage for the real and personal property owned by Plaintiff Ronald Ginsburg located at the subject property.

9. C. R. Brown Mechanical at all times material hereto performed work at the subject property including, but not limited to, electrical work and related installation of wiring and lighting.

10. On March 28th, 2016, a fire occurred at the subject property which resulted in substantial damage to the real and personal property owned by Plaintiff Ronald Ginsburg.

11. The fire and resulting smoke and water damages were caused by the actions and inactions of C. R. Brown Mechanical and its employees and/or subcontractors acting on its behalf as a result of improper performance of work in the subject property which included, but was not limited to, the use of improper connections in the installation of the wiring for lighting.

12. The use of improper connections by C. R. Brown Mechanical caused a high level of resistance and heat generation and as a result of the resistance and generation of heat the cellulose insulation and other combustible material adjacent to the wiring connections ignited and the fire spread throughout the subject property.

13. The fire and smoke spread throughout the subject property and caused significant damage to the real and personal property of Plaintiff Ronald Ginsburg as well as water damage due to fire extinguishment efforts.

14. As a result of the aforesaid damages, Plaintiff Ronald Ginsburg incurred significant cost and expenses related to the completion of necessary repairs and remediation, as well as costs and expenses related to emergency response efforts, clean-up and necessary demolition and related remedial work at the subject property.

15. Plaintiff Ronald Ginsburg submitted a claim to Plaintiff Great Northern Insurance Company for the damages to his real and personal property as a result of the fire pursuant to the policy of insurance which Plaintiff Great Northern Insurance Company issued to Plaintiff Ronald Ginsburg.

16. To date, Plaintiff Great Northern Insurance Company has made payments to or on behalf of Plaintiff Ronald Ginsburg in an amount in excess of $4 million for these damages pursuant to the policy of insurance.

17. Plaintiff Great Northern Insurance Company is subrogated to all of the rights and remedies that Plaintiff Ronald Ginsburg has against C. R. Brown Mechanical to the extent of the

payments made by Plaintiff Great Northern Insurance Company to or on behalf of Plaintiff Ronald Ginsburg.

18. Plaintiff Ronald Ginsburg sustained damages to his real and personal property as a result of the fire for which he has not yet received payment from Plaintiff Great Northern Insurance Company pursuant to the policy of insurance and, as a result, Plaintiff Ronald Ginsburg also asserts herein rights and remedies against C. R. Brown Mechanical to the extent the damages he sustained are not paid pursuant to the policy of insurance.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE

19. Plaintiffs incorporate by reference each and every paragraph set forth above as if fully recited herein.

20. The damages to the subject property were a direct and proximate result of the negligence, gross negligence, carelessness, acts, omissions and failures to act on the part of C. R. Brown Mechanical and its employees, subcontractors or others acting on its behalf and within the course and scope of their employment and direction, and included, but is not limited to, the following:

a) The failure to properly perform its work at the subject property;

b) The failure to hire and employ competent employees;

c) The failure to hire and employ competent subcontractors;

d) The failure to properly supervise and train its employees in the performance and completion of its work at the subject property;

e) The failure to properly supervise and train its subcontractors in the performance and completion of its work at the subject property;

f) The failure to warn Plaintiff Ronald Ginsburg of the dangerous and hazardous condition created by its improper work at the subject property;

g) The use of improper equipment in the performance of its work at the subject property;

h) The use of improper materials in the performance of its work at the subject property;

i) The failure to identify and address improperly installed lighting and in particular the wiring connections for the lighting at the subject property;

j) The failure to warn Plaintiff Ronald Ginsburg of the dangerous condition at the subject property after it completed its work;

k) The failure to take all necessary and reasonable precautions and actions to minimize the risk of damage to the subject property; and

l) The failure to otherwise exercise reasonable care under the circumstances.

21. As a direct and proximate result of the foregoing acts and omissions of C. R. Brown Mechanical, Plaintiff Ronald Ginsburg sustained significant damages to his real and personal property.

22. Plaintiff Great Northern Insurance Company has paid Plaintiff Ronald Ginsburg for some of the damages he sustained at the subject property pursuant to the policy of insurance issued by Plaintiff Great Northern Insurance Company to Plaintiff Ronald Ginsburg.

23. Plaintiff Great Northern Insurance Company is subrogated to all of the rights and remedies of Plaintiff Ronald Ginsburg against C. R. Brown Mechanical to the extent of the payments made to or on behalf of Plaintiff Ronald Ginsburg as a result of the damages at the subject property.

24. Plaintiff Ronald Ginsburg sustained damages to his real and personal property as a result of the fire for which he has not yet received payment from Plaintiff Great Northern Insurance Company pursuant to the policy of insurance and, as a result, Plaintiff Ronald Ginsburg also asserts herein rights and remedies against C. R. Brown Mechanical to the extent the damages he sustained are not paid pursuant to the policy of insurance.

WHEREFORE, Plaintiffs, Great Northern Insurance Company, as Subrogee of Ronald Ginsburg, and Ronald Ginsburg, hereby demand judgment against Defendant C. R. Brown Mechanical, Inc. in an amount in excess of $75,000 according to the proof of damages at trial, together with interest and cost of this action and such other and further relief as the Court deems just and proper.

**COUNT II – BREACH OF CONTRACT**

25. Plaintiffs hereby incorporate by reference each and every paragraph set forth above as if fully recited herein.

26. For good and valuable consideration, Plaintiff Ronald Ginsburg entered into a contract with C. R. Brown Mechanical for electrical work at the subject property, including completion of the work necessary for the installation of wiring and lighting at the subject property.

27. The contract required C. R. Brown Mechanical to complete its work in a good and workmanlike manner and in accordance with standard practices in the industry.

28. C. R. Brown Mechanical breached its contractual obligations by failing to properly perform its work at the subject property in a good and workmanlike manner and in accordance with industry standards.

29. The conduct, actions and inactions of C. R. Brown Mechanical which breached its contract with Plaintiff Ronald Ginsburg included, but was not limited to, the following:

a) The failure to properly perform its work at the subject property;

b) The failure to hire and employ competent employees;

c) The failure to hire and employ competent subcontractors;

d) The failure to properly supervise and train its employees in the performance and completion of the its work at the subject property;

e) The failure to properly supervise and train its subcontractors in the performance and completion of its work at the subject property;

f) The failure to warn Plaintiff Ronald Ginsburg of the dangerous and hazardous condition created by its improper work at the subject property;

g) The use of improper equipment in the performance of its work at the subject property;

h) The use of improper materials in the performance of its work at the subject property;

i) The failure to identify and address improperly installed wiring and lighting including the connections for the lighting to the wiring at the subject property so as to prevent a fire or hazardous condition;

j) The failure to warn Plaintiff Ronald Ginsburg of the dangerous condition at the subject property after it completed its work;

k) The failure to take all necessary and reasonable precautions and actions to minimize the risk of damage to the subject property; and

l) The failure to otherwise exercise reasonable care under the circumstances.

30. As a direct and proximate result of the foregoing breaches of contract by C. R. Brown Mechanical, Plaintiff Ronald Ginsburg sustained significant damages to his real and personal property.

31. Plaintiff Great Northern Insurance Company has paid Plaintiff Ronald Ginsburg for a portion of the damages he sustained at the subject property pursuant to the policy of insurance issued by Plaintiff Great Northern Insurance Company to Plaintiff Ronald Ginsburg.

32. Plaintiff Great Northern Insurance Company is subrogated to all of the rights and remedies of Plaintiff Ronald Ginsburg against C. R. Brown Mechanical to the extent of the payments made to or on behalf of Plaintiff Ronald Ginsburg as a result of the damages at the subject property.

33. Plaintiff Ronald Ginsburg sustained damages to his real and personal property as a result of the fire for which he has not yet received payment from Plaintiff Great Northern

Insurance Company pursuant to the policy of insurance and, as a result, Plaintiff Ronald Ginsburg also asserts herein rights and remedies against C. R. Brown Mechanical to the extent the damages he sustained are not paid pursuant to the policy of insurance.

WHEREFORE, Plaintiffs, Great Northern Insurance Company, as subrogee of Ronald Ginsburg, and Ronald Ginsburg, hereby demand judgment against Defendant C. R. Brown Mechanical, Inc. in an amount in excess of $75,000 according to the proof of damages at trial, together with interest and cost of this action and such other and further relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

Plaintiffs, Great Northern Insurance Company, as subrogee of Ronald Ginsburg, and Ronald Ginsburg, hereby request judgment against Defendant C. R. Brown Mechanical, Inc. as follows:

1. That the Defendant be held liable to Plaintiffs and that judgment be entered against the Defendant accordingly;

2. That Plaintiffs be awarded all damages as a result of the actions and inactions of the Defendant, including damages for the cost of repair of real property, repair of personal property, remediation and repair of real and personal property, extra expenses, and other consequential losses according to proof of same at trial;

3. That Plaintiffs be awarded all interest and cost to which they are entitled at law, including all pre-judgment and post-judgment interest; and

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Chad E. Kurtz

Chad E. Kurtz (DC Bar No. 1016934)
COZEN O'CONNOR
1200 Nineteenth Street NW, Suite 300
Washington, DC 20036
Tel: (202) 463-2521
Fax: (202) 640-5939
ckurtz@cozen.com

Daniel C. Theveny
(to seek admission *pro hac vice*)
Daniel J. Luccaro
(to seek admission *pro hac vice*)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: (215) 665-4194
Fax: (866) 240-3638
dtheveny@cozen.com
dluccaro@cozen.com

Dated: March 8, 2017